IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, | ) | |
| ID # A 20661647, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-0014-D |
| | ) | |
| COURT OF CRIMINAL APPEALS | ) | |
| OF TEXAS, | ) | |
|     Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I.  BACKGROUND

Petitioner filed the instant petition for writ of mandamus to compel respondent, the Texas Court of Criminal Appeals, to rule on his state application for writ of habeas corpus. (Writ of Mandamus at 2.) He asserts that the court has not issued a ruling on his state application even though he submitted it "last summer." (*Id.* at 1-2.) No process has been issued in this case.

II.  PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal if the Court finds the action "frivolous" or "malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an

indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

### III. MANDAMUS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Under this section, the Court may only compel federal actors or agencies to act. This Court lacks "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Section 1361 grants no jurisdiction to this Court to dictate action by state judicial officers or courts. This Court is therefore without power to order respondent to issue a ruling on petitioner's state application for writ of habeas corpus. Consequently, the instant petition lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

2

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of mandamus be **DISMISSED with prejudice** as frivolous under 28 U.S.C. § 1915A(e)(2)(B).

**SIGNED this 9th day of January, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3